# UNITED STATES DISTRICT COURT

for the
Eastern District of Pennsylvania

| | |
|---|---|
| In the Matter of the Search of | ) |
| *(Briefly describe the property to be searched* | ) |
| *or identify the person by name and address)* | )  Case No.  20-mj-2113 |
| 4 Cellular Telephones seized from the Federal Detention | ) |
| Center in Philadelphia and currently held by the FBI | ) |
| Philadelphia Division | ) |

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location):*
 See Attachment A - Items to be Searched

located in the _____ Eastern _____ District of _____ Pennsylvania _____ , there is now concealed *(identify the person or describe the property to be seized)*:
 See Attachment B - Items to be Seized

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. 1791(a) | providing or possessing contraband in prison |

The application is based on these facts:
See Attached Affidavit

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

| |
|---|
| s/Andrew M. Allaire |
| *Applicant's signature* |
| Andrew M. Allaire, F.B.I. Special Agent |
| *Printed name and title* |

Sworn to before me and signed in my presence.

Date:   _____ 12/09/2020 _____

| |
|---|
| s/ Richard A. Lloret |
| *Judge's signature* |

City and state: Philadelphia, PA

| |
|---|
| Hon. Richard A. Lloret, U.S. Magistrate Judge |
| *Printed name and title* |

## AFFIDAVIT IN SUPPORT OF SEARCH WARRANT

I, Andrew M. Allaire, being first duly sworn under oath and deposed, state the following:

## INTRODUCTION

1.  I am a Special Agent with the Federal Bureau of Investigation (FBI) assigned to the Philadelphia, Pennsylvania Division.  I have been employed with the FBI since May 14, 2017.  I am currently assigned to the Violent Crimes Task Force (VCTF) and have been since October 2017.  My current duties include, among other things, the investigation of crimes at the Philadelphia Federal Detention Center (FDC), bank robberies, fugitives, kidnappings, Hobbs Act robberies, and assault on federal law enforcement officers.  Prior to my duties as a Special Agent with the FBI, I was a sworn police officer for the city of Biddeford in the state of Maine from July 2011 until April 2017.

2.  I am currently investigating AYENDE ALVARADO (Bureau of Prisons (BOP) inmate number 69925-066) and ALEXIS AYALA-MENDEZ (BOP inmate number 62572-066) for a violation of 18 U.S.C. § 1791(a) (providing or possessing contraband in prison).  This affidavit is being submitted in support of an application for a search warrant for four (4) cellular phones (referred to hereinafter as the "Subject Telephones") possessed by ALVARADO and AYALA-MENDEZ in the Philadelphia FDC.  The items to be seized pursuant to the search warrant are more fully described in Attachment A, include two black L8STAR cell phones, and two black PALM smartphones that are currently located at the FBI Philadelphia Division. These cell phones are prohibited objects pursuant to 18 U.S.C. § 1791(d)(1)(F).

3.  The Subject Telephones are wireless telephones.  Based on my training and experience, as well as the training and experience of other agents, a wireless telephone (or mobile telephone, or cellular telephone) is a handheld wireless device used primarily for voice

1

communication through radio signals.  These telephones send signals through networks of transmitter/receivers called "cells," enabling communication with other wireless telephones or traditional "land line" telephones.  A wireless telephone usually contains a "call log," which records the telephone number, date, and time of calls made to and from the phone.  In addition to enabling voice communications, wireless telephones offer a broad range of capabilities.  These capabilities include, but are not limited to: storing names and phone numbers in electronic "address books;" sending, receiving, and storing email, voice messages and text messages; taking, sending, receiving, and storing still photographs and moving video; storing and playing back audio files; storing dates, appointments, and other information on personal calendars; and accessing and downloading information from the internet.  Wireless telephones may also include global positioning system (GPS) technology for determining the location of the device and for mapping and navigation features.  Based on my training and experience, I am aware that people who engage in illegal activities have been known to use some and/or all these features in the furtherance of their illegal activities.

4.      This affidavit is based upon my knowledge, training, and experience, as well as the experience of other law enforcement and BOP personnel with whom I have spoken and consulted.  Because this affidavit is submitted for the limited purpose of obtaining a search warrant, I have not included all information known by me or other agents and BOP personnel concerning this investigation.  I have set forth only those facts I believe are essential to establish probable cause for a search warrant.  This affidavit does not exhaust my knowledge or that of other agents and BOP personnel of the facts and circumstances surrounding this investigation.

## PROBABLE CAUSE TO SEARCH THE SUBJECT PHONE

5.      On Wednesday, September 30, 2020, at approximately 11:05 a.m., at the Federal

Detention Center (FDC), 700 Arch Street, Philadelphia, Pennsylvania, Special Investigative

Services Technician (SIS Tech) Mendek conducted a search of cell 539 South which was

assigned to inmates Ayende Alvarado and Alexis Ayala-Mendez. During the search, SIS Tech

Mendek found that the bolts securing the locker to the wall were loose.  SIS Tech Mendek

removed the locker from the wall and found four cell phones on the floor.  Two L8Star cell

phones were found in plain view on the floor.  Two PALM smartphones and a phone charger

were found inside a bag of rice on the floor.  The four cellphones are the cellphones referenced

in paragraph 2 above and more fully described in Attachment A.  The BOP prohibits the

possession/use by inmates of any cellular telephones.  As a result, these phones were

immediately seized by SIS Tech Mendek and turned over to me as part of my investigation into

ALVARADO's and AYALA-MENDEZ's possession of these phones.

6.      Based on my training and experience, I know that electronic devices such as cell

phones can store information for long periods of time.  Even when a user deletes information

from a device, it can sometimes be recovered with forensic tools.  Similarly, things that have

been viewed via the internet are typically stored for some period on the device.  This information

can sometimes be recovered with forensic tools.

7.      I know from my experience in investigating crimes related to the illegal

possession of contraband items, including but not limited to cellular telephones, committed by

inmates at the FDC, that cellular phones are a valuable commodity illegally sold by inmates for

approximately $1,000-$3,000 per phone, and/or traded for other benefits in the jail such as

commissary items and phone minutes.  Due to the fact that the phone calls that inmates are

3

permitted to make from the phones provided by the FDC are monitored, I know through my training and experience that inmates may use illegally possessed cellular phones to make calls outside the facility to circumvent the monitoring of their phone calls by the FDC and possibly to further engage in criminal activity beyond the mere possession of the illegal contraband cellular telephone.  Moreover, the presence of the cellular telephone at the FDC demonstrates that the cellular telephone was smuggled into the FDC by an unknown source.  Thus, there is probable cause to believe that the seized phone may contain evidence of criminal activity committed by ALVARADO and AYALA-MENDEZ and/or other individuals located inside and/or outside the FDC, as well as identify other individuals who may have used this contraband cell phone and/or are responsible for, or assisted in, smuggling the phone into the FDC.

8.      This application seeks permission to locate not only electronically stored information that might serve as direct evidence of criminal activity on the warrant, but also forensic evidence that establishes how these devices were used, the purpose of their use, who used it, and when.  There is probable cause to believe that this forensic electronic evidence might be on these devices because:

a.   Data on the storage medium can provide evidence of a file that was once on the storage medium but has since been deleted or edited, or of a deleted portion of a file (such as a paragraph that has been deleted from a word processing file).

b.   Forensic evidence on a device can also indicate who has used or controlled the device.  This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence.

c.   A person with appropriate familiarity with how an electronic device works may, after examining this forensic evidence in its proper context, be able to draw

4

conclusions about how electronic devices were used, the purpose of their use, who used them, and when.

d.   The process of identifying the exact electronically stored information on a storage medium that is necessary to draw an accurate conclusion is a dynamic process. Electronic evidence is not always data that can be merely reviewed by a review team and passed along to investigators. Whether data stored on a device is evidence may depend on other information stored on the device and the application of knowledge about how a device behaves. Therefore, contextual information necessary to understand other evidence also falls within the scope of the warrant.

e.   Further, in finding evidence of how a device was used, the purpose of its use, who used it, and when, sometimes it is necessary to establish that a particular thing is not present on a storage medium.

9.   Searching for the evidence described in Attachment B may require a range of data analysis techniques. In some cases, agents and computer analysts may be able to conduct carefully targeted searches that can locate evidence without requiring a time-consuming manual search through unrelated materials that may be commingled with criminal evidence. In other cases, however, such techniques may not yield the evidence described in the warrant. Criminals can mislabel or hide information, encode communications to avoid using key words, attempt to delete information to evade detection, or take other steps designed to frustrate law enforcement searches for information. These steps may require agents and law enforcement or other analysts with appropriate expertise to conduct more extensive searches, such as scanning storage areas unrelated to things described in Attachment B, or perusing all stored information briefly to

determine whether it falls within the scope of the warrant.  In light of these difficulties, and consistent with Federal Rule of Criminal Procedure 41(e)(2)(B), the warrant I am applying for would permit the examination of the device using whatever data analysis techniques appear necessary to locate and retrieve the evidence described in Attachment B.

## **CONCLUSION**

10.     For the reasons set forth above, there is probable cause to believe that ALVARADO and AYALA-MENDEZ have violated 18 U.S.C. § 1791(a)(2) (providing or possessing contraband in prison).  There is also probable cause to believe that the Subject Telephones may contain evidence of this crime as well as evidence of others who may have used the cellular telephones and/or those who are responsible or assisted with the smuggling of the phones into the FDC.  Accordingly, I respectfully request authorization to search these contraband cell phones.

11.     Because this warrant seeks only permission to examine devices already in law enforcement's possession, the execution of this warrant does not involve the physical intrusion onto a premise.   Consequently, I submit there is reasonable cause for the Court to authorize execution of the warrant at any time in the day or night.


_/s    Andrew Allaire_
Andrew M. Allaire
Special Agent
Federal Bureau of Investigation


Sworn to and subscribed before me
this  9th      day of December, 2020.


_/s Richard A. Lloret_

HONORABLE RICHARD A. LLORET
United States Magistrate Judge

## ATTACHMENT A
## ITEMS TO BE SEARCHED

1. A black L8STAR cell phone, approximately 2.5 inches in length, 1 inch in width, currently located at the FBI Philadelphia Division.

2. A black L8STAR cell phone, approximately 2.5 inches in length, 1 inch in width, currently located at the FBI Philadelphia Division.

3. A black PALM cell phone, approximately 3 inches in length, 1.5 inches in width, currently located at the FBI Philadelphia Division.  The cellphone is locked with a pattern passcode.

4. A black PALM cell phone, approximately 3 inches in length, 1.5 inches in width, currently located at the FBI Philadelphia Division.  The cellphone is locked with a pin passcode.

8

**ATTACHMENT B**
**ITEMS TO BE SEIZED**

1. Records that relate to violations of 18 U.S.C. § 1791(a)(2) (providing or possessing contraband in prison), including:

   a.   Documents in electronic form, including correspondence, records, opened or unopened emails, text messages, voicemail messages, call logs, chat logs, internet history.

2. Evidence of user attribution showing who used or owned the device at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history. As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including, but not limited to the following:

   a.   Forms of computer or electronic storage (such as flash memory or other media that can store data) and any photographic form.

   b.   Data that has been manually programmed into a GPS navigation system, as well as data automatically stored by the GPS navigation system, including any and all electronic data which can be collected, analyzed, created, displayed, converted, stored, concealed, or transmitted, or similar computer impulses or data.

   c.   Stored electronic information and communications, including but not limited to, telephone or address directory entries consisting of names, addresses and telephone numbers; logs of telephone numbers dialed, telephone numbers of

missed calls, and telephone numbers of incoming calls; schedule entries; stored memoranda; stored text messages; stored photographs; store audio; and stored video.

3. Evidence and contents of logs and files on the device, such as those generated by the device's operating system, which describes the history and use of the device, including but not limited to files indicating when files were written, were opened, were saved, or were deleted.  Evidence tending to show the identity of the person using the device at the time any actions relating to the above offenses were taken.